## In re FISCHER.

### Patent Appeal No. 3019.

Court of Customs and Patent Appeals.

Dec. 19, 1932

Albert F. Robinson, of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Judge.

Appellant has appealed here from the decision of the Board of Appeals of the United States Patent Office, affirming that of the examiner denying patentability of claims 7 to 13, inclusive, being all of the claims in appellant's application.

The application relates to roofing tape. There are no drawings accompanying the application, but the claimed invention is described as a tape of open weave fabric, the fibers of which are saturated with a starchy material rendering the fabric relatively stiff. The tape carries a coating of normally tacky bituminous material, having a solvent action upon asphaltic material.

Claim 7 is illustrative and follows: "7. Construction material of the class described, comprising a strip of open weave fabric carrying in the spaces between the threads of said fabric a coating of normally tacky bituminous material, having a solvent action upon asphaltic material."

The references relied upon are:

Crowell, 1,276,730, August 27, 1918.

Abraham, Asphalts and Allied Substances (1920 Ed.) p. 439.

The board said:

"The examiner has rejected all the claims as functional and indefinite because they define the tacky material used by stating that it has a solvent action upon asphaltic material. We believe the examiner's position is correct as the language used clearly fails to clearly

define the tacky material, employed. The term asphaltic material covers such a wide range in view of the different kinds of asphaltic materials known that defining a tacky material with reference to its solvent action on asphaltic material is clearly indefinite.

"The claims have also been rejected as unwarranted by the disclosures because there is no specific statement of the particular composition of the adhesive used which has the characteristics recited in the claims. To supplement the disclosures applicant refers to four of his patents granted on copending applications and to two of his applications. We have carefully studied all of the patents and applications referred to but find no clear disclosure in any of them. We have noted particularly the description in lines 93–114, page 3, and lines 1–49, page 4, and claims 13–16 of No. 1,595,079, but we regard the disclosure therein as incomplete. Applicant has not pointed out any particular portion of the prior patents and applications where the disclosures may be found.

"Claims 7, 8, 10 and 13 have also been rejected on the tape shown by Abraham. The claims are believed to be unpatentable over this reference as the functional statement describing the solvent action of the adhesive is not sufficiently definite to define over it. If it be desirable to employ an adhesive which will soften and dissolve the material on the roofing sheets so as to form a good union we do not believe that any invention is involved in doing so. Applicant states that the Abraham reference has been held to be from a non-analogous art in a copending application for a claim to a building material. The present claims are not limited to a building material but are broad enough to cover electrical tapes and hence we regard the reference used as proper.

"Claims 9, 11 and 12 are also regarded unpatentable for the same reasons as assigned in connection with claims 7, 8, 10 and 13 since there is no invention involved to size the fabric of the tape in the manner shown by Crowell."

It is pointed out by the appellant that the board and the examiner did not agree on their grounds of rejection as to part of the claims. We have considered this phase of the case carefully as well as each of the arguments presented in appellant's brief. Detailed discussion of all the points raised would not be helpful in view of the fact that we agree with the conclusions of the board. The decision of the board is affirmed.

Affirmed.